## KIDDERLIN v. MEYER.

September 11, 1838.

*Rule to show cause why the service should not be set aside.*

In foreign attachment where a consul of a foreign nation is summoned as garnishee, the service will not be set aside on the ground of his privilege as a consul to be *sued* only in the courts of the United States.

THE defendant was a *female*, residing in Europe, and was summoned as garnishee.

*Ingraham*, having produced the requisite proof that the garnishee was a *consul* of a foreign government, contended that the service upon him was erroneous, inasmuch as it is declared by the 2d section of the 3d article of the Constitution of the United States, " the judicial power of the United States shall extend to all cases affecting ambassadors, other public ministers and *consuls ;*" and the 9th section of the judiciary act of 1789, gives to the District Courts of the United States, "jurisdiction, *exclusively* of the courts of the several states, of all suits against *consuls* or vice-consuls," so far as respects civil process.

*H. Hubbell*, for the plaintiff, cited *Serg. on Att.* 89, 107, 108.

Per Curiam.—This is not a suit against the *consul*. And although in the progress of the cause, it may happen that the garnishee will be placed in the attitude of a defendant, yet even then, we do not think the Constitution of the United States, or the act of Congress referred to, can be legitimately permitted to interfere with the usual exercise of our jurisdiction. The act of Congress must be restricted to cases in which the *consul* is made a defendant directly and originally,—to respond for his own debt or other liability. To put upon the act of Congress the construction which is claimed here, would confer a privilege on the proper defendant, rather than on the consul.

Motion denied.